NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YONGBIN ZOU,<br><br>    Petitioner,<br><br>v.<br><br>WILLIAM BARR, Attorney General<br><br>    Respondent. | No. 15-71431<br><br>Agency No. A088-487-413<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted August 16, 2019[**]
Pasadena, California

Before: SCHROEDER and R. NELSON, Circuit Judges, and LEFKOW,[***]
District Judge.

 Yongbin Zou petitions for review of the judgment of the Board of

Immigration Appeals ("BIA") dismissing his appeal after an Immigration Judge

("IJ") denied his petition for asylum, withholding of removal, and protection under

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

 [***] The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

the Convention Against Torture, based on an adverse credibility finding. "We review adverse credibility findings under the substantial evidence standard." *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). Substantial evidence requires "only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Garcia v. Holder*, 749 F.3d 785, 789 (2014) (internal citations omitted). Our task is solely to determine whether substantial evidence supports the BIA's findings. *See Singh v. Lynch*, 802 F.3d 972, 974-75 (9th Cir. 2015)

"Because credibility determinations are findings of fact by the IJ, they 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B) (2000)). "To reverse such a finding, we must find that the evidence not only *supports* a contrary conclusion, but *compels* it." *Id.* (internal citations and punctuation marks omitted). In other words, "we must uphold the IJ's adverse credibility determination so long as one of the identified grounds is supported by substantial evidence and goes to the heart of the alien's claim of persecution.'" *Id.* (internal citations and punctuation marks omitted).

Further, where, as here, the BIA reviews the IJ's decision for clear error and relies on the IJ's opinion as a statement of reasons, we "look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Tekle v. Mukasey*,

2

533 F.3d 1044, 1051 (9th Cir. 2008). In so doing, we review the reasons explicitly identified by the BIA and then examine the reasoning articulated in the IJ's oral decision in support of those reasons. *Id.* We deny the petition.

The BIA made several findings with respect to Zou's credibility that are supported by substantial evidence. Particularly, we find the following to be supported:  (1) the implausibility of a small clinic in China providing a CAT scan but not paperwork evidencing treatment; (2) the implausibility of Zou escaping his home town and making it past airport security while under strict surveillance; and (3) contradictory testimony regarding whether Zou told his minister he had been a practicing Christian in China.

These findings may have alternative explanations, but the evidence does not compel a conclusion that Zou was credible on these points. Moreover, the IJ noted at the close of the first hearing day that "there are serious questions regarding credibility in this case, . . . [s]o if you have any other documents, you want to submit, please get them to this Court at least 10 days prior." Zou submitted no further documents. Even though some of the IJ's additional findings may not be supported by substantial evidence, we find that at least "one of the identified grounds is supported by substantial evidence and goes to the heart of [Zou's] claim of persecution" for being a practicing Christian in China. *Rizk*, 629 F.3d at 1087. Thus, the BIA did not err in dismissing Zou's appeal.

**DENIED.**